**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-mc-20501-BLOOM**

JAMES BRUCE,

      Plaintiff,

v.

IRS,

      Defendant.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On February 8, 2023, Defendant filed a Notice for Redemption, ECF No. [1], and submitted $49.00 as payment of the filing fee for a miscellaneous case, *see* ECF No. [3]. The Court has reviewed the Notice for Redemption and the attached exhibits, ECF No. [1-2], to determine whether the Court has subject matter jurisdiction over this case. The Court lacks jurisdiction.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). This is because federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor*

*v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)) (internal quotation marks omitted); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d at 410 (alteration added).

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Under 28 U.S.C. § 1331, district courts have jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

Plaintiff, proceeding *pro se*,[1] has filed his Notice for Redemption with the Court in which he requests redemption in lawful money, and an "E(4)(f) hearing." *See* ECF No. [1] at 2. Plaintiff has not articulated jurisdiction under a specific statutory grant, fails to allege federal question jurisdiction pursuant to 28 U.S.C. § 1331, and does not suggest that diversity jurisdiction exists.

The Court thus lacks subject matter jurisdiction in this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Thus, the allegations in the complaint must be accepted as true and construed in the light most favorable to the *pro se* plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, a *pro se* filer "still must comply with the Federal Rules of Civil Procedure." *Rodriguez*, 775 F. App'x at 602 (citing Fed. R. Civ. P. 8(a)(2) and *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). A district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez*, 794 F. App'x at 603 (internal citation and quotation marks omitted).

Case No. 23-mc-20501-BLOOM

1. The Notice for Redemption, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk is directed to refund Plaintiff his $49.00 filing fee.

3. The Clerk shall **CLOSE** the case.

4. To the extent not otherwise disposed of, any pending motions are **DENIED** as moot and all pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 8, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

James Bruce
3470 E. Coast Ave
H1205
Miami, FL 33137
PRO SE

3